USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

JOHN THOMPSON,

        Plaintiff,

-against-                              00 Civ. 8360 (CM)(FM)

DET. TIMOTHY R. TRACY, #6653,
NEW YORK CITY POLICE DEPARTMENT,

        Defendants.

----------------------------------------x

MEMORANDUM DECISION AND ORDER ACCEPTING REPORT OF
MAGISTRATE JUDGE MAAS, ALLOWING OBJECTION AND DISMISSING
COMPLAINT

McMahon, J.:

       I have received and reviewed the Report and Recommendation of The Hon. Frank Maas, U.S.M.J., in which the learned Magistrate Judge recommends that defendants' motion for summary judgment dismissing the complaint should be granted in part and denied in part. I have also reviewed the objection filed to the Recommendation by Defendant Timothy R. Tracy. I agree with Detective Tracy that there is no basis to imply a claim of failure to intervene as against him, as Judge Maas recommends I do. Therefore, the complaint must be dismissed in its entirety as against both defendants.

       I accept and adopt as the decision of the Court the following aspects of the Report and Recommendation: the Introduction; the section entitled Factual Background, the section entitled Standard of Review; the section entitled Claims Against the NYPD; the portion of the section entitled Claims Against Det. Tracy: Excessive Force, extending from page 9 of the Report through the end of the carryover paragraph on page 12 of the Report; the section entitled Racial Profiling; and the section entitled Other Claims.

       I decline to adopt as my opinion that portion of the Report beginning at the full paragraph that starts on page 12 and goes through the end of the carryover paragraph on page 14 of the Report. In this part of the Report, Judge Maas recommends that the Court not dismiss the claim of excessive force against Detective Tracy insofar as it may be deemed a claim of failure to intervene, rather than a claim of direct involvement in the application of excessive force. However, for the very reason that Det. Tracy was entitled to summary judgment on the claim that Tracy actually applied excessive force – plaintiff's inability to who did what to him – plaintiff also fails to raise a genuine issue of fact

Copies mailed /faxed/handed to counsel on 1/17/08

under a failure to intervene theory. There is no evidence in the record identifying Tracy as someone who, while not choking plaintiff, was in a position to stop others from doing so. Plaintiff has offered no evidence about what *Tracy* did or did not do. That inability is fatal to his excessive force claim against Tracy under any theory, be it direct application of excessive force or failure to intervene.

Ordinarily, the court would have substituted the City of New York as a party defendant in place of the Police Department. However, in this case it would be futile to do so, since plaintiff's claims against the individual defendant have not survived the motion for summary judgment. If the police officer is not liable to plaintiff for any constitutional violation, then the City cannot be liable on a Monell theory. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

For this reason, the objection of Det. Tracy is allowed, the Report is deemed amended as stated above, the defendants' motion for summary judgment is granted in its entirety, and the complaint is dismissed as to all defendants, with prejudice.

The Clerk of the Court is directed to enter judgment and close the file.

Dated: January 17, 2008

U.S.D.J.

BY HAND TO THE HON. FRANK MAAS

BY FIRST CLASS MAIL TO THE PARTIES

    Charles H. Scott (a/k/a John Thompson), Pro Se
    255 West 43rd Street, apt. 822
    New York, New York 10036

    Anna Nguyen, Esq.
    New York City Department of Law
    100 Church Street
    New York, NY 10007